# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| TINA LYNN CHAPMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SOCIAL SECURITY )<br>ADMINISTRATION, Commissioner, )<br>)<br>Defendant. ) | Case No.: 4:17-cv-01750-SGC |

## MEMORANDUM OPINION[1]

The plaintiff, Tina Lynn Chapman, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for Supplemental Security Income ("SSI"). Chapman timely pursued and exhausted her administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C § 1383(c)(3). For the reasons discussed below, the Commissioner's decision is due to be reversed and remanded.

## I. Procedural History

Chapman completed the tenth grade and later obtained her GED. (Tr. at 182, 460). She has worked as a certified home health aide, certified nursing

---

[1] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 20).

1

assistant, and housekeeper. (*Id.* at 182, 191). In her application for SSI, she alleged she became disabled on August 1, 2014, as a result of degenerative disc disease and an adjustment disorder. (*Id.* at 143, 181). After her claims were denied, Chapman requested a hearing before an administrative law judge ("ALJ"). (*Id.* at 68, 86-90, 93-95). Following a hearing, the ALJ denied Chapman's claims. (*Id.* at 11-22). Chapman was fifty-three years old when the ALJ issued her decision. (*Id.* at 22, 143). After the Appeals Council denied review of the ALJ's decision (id. at 1-4), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001 (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Thereafter, Chapman commenced this action. (Doc. 1).

## II. Statutory and Regulatory Framework

To establish eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1)(A); *see also id.* at § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). The Social Security Administration employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. § 416.920(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* at § 416.920(a)(4)(i). "Under the first step, the claimant has the burden to show that she is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012). If the claimant is engaged in substantial gainful activity, the Commissioner will find the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i) and (b). At the first step, the ALJ determined Chapman has not engaged in substantial gainful activity since her alleged disability onset date of August 1, 2014. (Tr. at 13).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 416.920(a)(4)(ii). An impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." Furthermore, it "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." *Id.* at § 416.908; *see also* 42 U.S.C. § 1382c(a)(3)(D). An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. §

416.920(c).[2] "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 416.921(a). A claimant may be found disabled based on a combination of impairments, even though none of the individual impairments alone is disabling. 20 C.F.R. § 416.923. The claimant bears the burden of providing medical evidence demonstrating an impairment and its severity. *Id.* at § 416.912(a) and (c). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will find the claimant is not disabled. *Id.* at § 416.920(a)(4)(ii) and (c). At the second step, the ALJ determined Chapman has the following severe impairments: obesity, degenerative disc disease, depression, degenerative joint disease, anxiety, bipolar disorder, and panic disorder. (Tr. at 13).

If the claimant has a severe impairment or combination of impairments, the

---

[2] Basic work activities include:

> (1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. § 416.921(b).

Commissioner must then determine whether the impairment meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(a)(4)(iii); *see also id.* at §§ 416.925 and 416.926. The claimant bears the burden of proving her impairment meets or equals one of the Listings. *Reynolds-Buckley*, 457 F. App'x at 863. If the claimant's impairment meets or equals one of the Listings, the Commissioner will find the claimant is disabled. 20 C.F.R § 416.920(a)(4)(iii) and (d). At the third step, the ALJ determined Chapman does not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listings. (Tr. at 16).

If the claimant's impairment does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. 20 C.F.R. § 416.920(e); *see also id.* at § 416.945. A claimant's RFC is the most she can do despite her impairments. *See id.* at § 416.945(a)(1). At the fourth step, the Commissioner will compare her assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at §§ 416.920(a)(4)(iv) and (e), 416.960(b). "Past relevant work is work that [the claimant] [has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* at § 416.960(b)(1). The claimant bears the burden of proving her impairment prevents her from performing her past relevant work. *Reynolds-*

5

*Buckley*, 457 F. App'x at 863. If the claimant is capable of performing her past relevant work, the Commissioner will find the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.960(b)(3). Before proceeding to the fourth step, the ALJ determined Chapman has the RFC to perform light work with the following limitations: she can sit for six hours in an eight-hour work day; stand and/or walk for six hours in an eight-hour work day; never climb ladders, ropes, scaffolds; occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and crawl; occasionally reach overhead; understand, remember, and carry out simple instructions; maintain attention and concentration for two-hour periods at a time; perform jobs that do not require interaction with the general public; have occasional interaction with coworkers; adapt to routine and infrequent workplace changes; make simple work-related decisions. (Tr. at 17). At the fourth step, the ALJ determined Chapman is unable to perform her past relevant work. (*Id.* at 20).

If the claimant is unable to perform her past relevant work, the Commissioner must finally determine whether the claimant is capable of performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(v) and (g)(1), 416.960(c)(1). If the claimant is capable of performing other work, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1). If the claimant

is not capable of performing other work, the Commissioner will find the claimant is disabled. *Id.* At the fifth step, considering Chapman's age, education, work experience, and RFC, the ALJ determined there are jobs that exist in significant numbers in the national economy that Chapman can perform, such as those of laundry worker, shipping and receiving weigher, and electrical accessories assembler. (Tr. at 21). Therefore, the ALJ concluded Chapman is not disabled. (*Id.* at 21-22).

### III. Standard of Review

Review of the Commissioner's decision is limited to a determination of whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as

adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. Discussion

On appeal, Chapman makes several arguments, the first of which is that the Appeals Council erred in refusing to consider new evidence she submitted. (Doc. 14). With her brief in support of disability containing this argument, she simultaneously filed a motion to remand on the same ground. (Doc. 15).

A claimant may present new evidence at each stage of the administrative process, with a few exceptions. *Ingram*, 496 F.3d at 1261. The Appeals Council is required to consider "new, material, and chronologically relevant evidence" submitted by a claimant. *Id.*; *see also* 20 C.F.R. § 416.1470. Evidence is new if it

8

is not merely cumulative of the evidence that was before the ALJ. *See Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986 (recognizing cumulative evidence is not new). New evidence is material if there is a reasonable probability it would change the administrative result. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). New evidence is chronologically relevant if it relates back to the period before an ALJ's decision. *See Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1322 (11th Cir. 2015) (holding opinions of psychologist who examined claimant several months after ALJ's decision were chronologically relevant because they related back to the period before the ALJ's decision); 20 C.F.R. § 416.1470 (describing requirements for additional evidence the Appeals Council will review).

Whether evidence is new, material, and chronologically relevant is a question of law subject to *de novo* review. *Washington*, 805 F.3d at 1321. Where the Appeals Council refuses to consider new, material, and chronologically relevant evidence, it commits an error of law, and remand to the Commissioner for consideration of the evidence in conjunction with record is appropriate. *Id.*

After requesting review of the ALJ's decision, Chapman submitted the following additional evidence to the Appeals Council: (1) treatment records from the Etowah Free Community Clinic ("EFCC") dated January 6, 2016, through April 3, 2017 (Tr. at 479-84), and (2) a psychological evaluation performed by Dr. David R. Wilson on April 19, 2017 (*id.* at 485-90). The Appeals Council refused

9

to consider the EFCC treatment records pre-dating the ALJ's November 4, 2016 decision based on the determination they are not material. (*Id.* at 2). The Appeals Council refused to consider either the EFCC treatment records post-dating the ALJ's decision or Dr. Wilson's psychological evaluation based on the determination they are not chronologically relevant. (*Id.*).

> Dr. Wilson offered the following opinion:
>
> [Chapman] has serious problems with her mood, and also with panic attacks. She also has some cognitive limitations which limit her job options. She has serious medical problems which could also compromise her ability to work. Her ability to withstand the pressures of day to day occupational functioning is highly impaired. She would have difficulty with both the task and interpersonal aspects of job environments and her anxiety and panic attacks would make it very difficult for her to work. It is unlikely that her condition will improve in the next 12 months.

(*Id.* at 488). He also indicated Chapman (1) cannot maintain attention, concentration, and/or pace for periods of at least two hours; perform activities within a schedule and be punctual within customary tolerances; sustain an ordinary routine with special supervision; adjust to routine and infrequent work changes; interact with supervisors; interact appropriately with coworkers; maintain socially appropriate behavior; or adhere to basic standards of neatness and cleanliness; (2) would be off-task eighty percent of an eight-hour day; (3) would miss twenty-five days in a thirty-day period because of her psychological symptoms; (4) exhibits a variety of symptoms characterizing a depressive syndrome, anxiety disorder, and

panic disorder or agoraphobia, including marked restriction in the ability to understand, remember, or apply information; marked difficulties in the ability to interact with others and the ability to concentrate, persist, or maintain pace; and marked limitation in the ability to adapt or manage oneself. (*Id.* at 489-90). He also indicated the foregoing limitations existed back to August 1, 2014. (*Id.*). Dr. Wilson based his opinions on his April 19, 2017 examination of Chapman and his review of "extensive summaries of [Chapman's] medical and psychiatric records" provided by Chapman's attorney. (*Id.* at 485).

Psychological evaluations conducted after an ALJ's decision may still be chronologically relevant if they relate back to the period before the ALJ's decision. *See Washington* 806 F.3d at 1322-23; *Hunter v. Soc. Sec. Admin., Comm'r*, 705 F. App'x 936, 940 (11th Cir. Oct. 16, 2017). Dr. Wilson's psychological evaluation of Chapman, although performed approximately fourth months after the ALJ's decision, clearly relates back to the period before the ALJ's decision. He explicitly stated he reviewed "extensive summaries of [Chapman's] medical and psychiatric records" as part of his evaluation, and he affirmatively indicated Chapman's limitations existed back to August 1, 2014, the onset date of her disability. (Tr. at 485, 489-90). These are the same "specific circumstances" that were present in *Washington* and *Hunter*. *See Washington*, 806 F.3d at 1322-23 (holding psychological evaluation performed seven months after ALJ's decision was

chronologically relevant because it was informed by claimant's report of hallucinations experienced "throughout his life" and psychologist's review of claimant's mental health treatment records from the period before the ALJ's decision); *Hunter*, 705 F. App'x at 940 (holding psychological evaluation performed four months after ALJ's decision was chronologically relevant because psychologist considered claimant's statements regarding period before ALJ's decision and reviewed claimant's medical records for the same period, as in *Washington*, and additionally explicitly stated claimant's limitations existed back to date before ALJ's decision); *see also Wilson v. Colvin*, 2016 WL 4447442, at *7 (N.D. Ala. Aug. 24, 2016) (holding psychological evaluation performed four months after ALJ's decision was chronologically relevant under circumstances similar to *Washington*); *cf. Ashley v. Comm'r of Soc. Sec. Admin.*, 707 F. App'x 939, 949 (11th Cir. 2017) (holding medical examination was not chronologically relevant where there was no indication doctor was provided with claimant's medical records for the relevant period, doctor performed his examination almost two years after the ALJ's decision, and in the meantime claimant's impairment had worsened); *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309-10 (11th Cir. 2018) (holding physical capacities form completed after ALJ's decision was not chronologically relevant where doctor checked a box indicating claimant's limitations dated back to disability onset date, but there was no indication doctor

evaluated claimant's past medical records when forming his opinion).³

Dr. Wilson's psychological evaluation is also new and material. It is new because it is not merely cumulative. The Commissioner notes the evaluation documents subjective complaints similar to those documented in other treatment records that were already in the administrative record. (Doc. 17 at 13). That may be true, but it also offers a number of opinions that were not part of the record before the ALJ.

Dr. Wilson's psychological evaluation is material because there is a reasonable possibility it would change the administrative result. The ALJ found Chapman did not meet Listing 12.04 (addressing depressive, bipolar, and related disorders) or 12.06 (addressing anxiety and obsessive-compulsive disorders) because she did not satisfy the requirements of paragraphs B or C of those Listings. (Tr. at 16-17). Paragraph B of each of the Listings requires a claimant to have an extreme limitation in one, or marked limitations in two, of the following areas of mental functioning: (1) understanding, remembering, or applying information; (2)

---

³ The Commissioner notes Dr. Wilson did not review Chapman's actual treatment records but, rather, only her attorney's summaries of those records. (Doc. 17 at 7-8). This is a distinction without a difference. The Commissioner also notes one of the records Dr. Wilson references pre-dates Chapman's alleged onset date. (*Id.* at 8). This does not affect the conclusion Dr. Wilson's psychological evaluation is chronologically relevant because Dr. Wilson reviewed a more comprehensive history of Chapman's treatment than the one record noted by the Commissioner. Finally, the Commissioner notes Dr. Wilson did not describe the treatment records on which he relied. (*Id.* at 10). The Commissioner cites no authority that would support the conclusion this is a requirement under *Washington* or its progeny. The undersigned notes the Commissioner does not argue Chapman's mental impairments worsened between the ALJ's decision and Dr. Wilson's psychological evaluation.

13

interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06. Dr. Wilson determined Chapman had marked limitations in all four of these areas of mental functioning. (Tr. at 490). Based on this determination, a factfinder could reasonably conclude Chapman has an impairment that meets Listing 12.04 and/or 12.06.

The Commissioner disputes the materiality of Dr. Wilson's psychological evaluation on the ground it is inconsistent with Chapman's treatment records for the relevant period. (Doc. 17 at 10-13). There is some inconsistency. For example, Chapman told her treating mental health provider in September 2015 that she was "doing okay" and "doing good." (Tr. at 466-67). Chapman's mood at that time was identified as euthymic, her sleep pattern as normal, her insight and judgment as fair, her thought process as logical, her attention and concentration as adequate, and her energy and motivation as fair. (*Id.* at 465). However, the treatment records also document Chapman repeatedly reported experiencing auditory and visual hallucinations, suicidal and homicidal ideation, depression, anxiety, panic attacks, lack of energy, anger, and aggression. (*See, e.g., id.* at 391, 430, 433, 435-36, 444, 447, 468-70, 473). As late as August 2015, Champan reported "she tried to force herself [to] deal with [her] panic attacks [and] depression by going out [and] getting a job" but that after working two days, "she

14

had a major panic attack [and] could not leave the home." (*Id.* at 468). Treatment records from a single month documenting improvement and stability do not render Dr. Wilson's psychological evaluation inconsistent with those records viewed in their entirety.[4]

In sum, Dr. Wilson's psychological evaluation is new, material, chronologically relevant evidence, and the Appeals Council committed legal error in refusing to consider it.[5]

## V. **Conclusion**

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned find the Commissioner's decision is not in accordance with applicable law. Therefore, Chapman's motion to remand (Doc. 15) is due to be granted, and the Commissioner's decision is due

---

[4] The Commissioner also notes Dr. Wilson references diagnoses (which the Commissioner notes do not establish a claimant's limitations), a Global Assessment of Functioning ("GAF") score (the probative value of which the Commissioner calls into question), and evidence to which the ALJ assigned limited weight (i.e., the opinion of Dr. June Nichols, a psychologist who performed a consultative psychological evaluation of Chapman on October 7, 2014). (Doc. 17 at 8-10). None of these are convincing arguments that Dr. Wilson's psychological evaluation is immaterial. The evaluation arguably would have been incomplete with a reference to Chapman's diagnostic history. There is no indication the GAF score was a substantial basis for any of his opinions. Finally, the ALJ did not wholly discredit Dr. Nichols' opinions but, rather, gave them some weight. (Tr. at 20).

[5] The Appeals Council did not err in refusing to consider the treatment records from the EFCC dated January 6, 2016, through April 3, 2017, as they primarily document existing diagnoses and prescription refills. *See Washington*, 806 F.3d at 1323 n.9 (holding questionnaire completed by psychiatrist was cumulative inasmuch as it listed symptoms and medications that were already in the record before the ALJ).

to be reversed and remanded for further consideration.[6] A separate order will be entered.

**DONE** this 29th day of March, 2019.

/s/ Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[6] Because this case must be remanded for consideration of Dr. Wilson's psychological evaluation, it is not necessary to address Chapman's additional challenges to the ALJ's decision. *See Washington*, 806 F.3d at 1323 n.10 (reaching the same conclusion with respect to claimant's additional arguments).